**\*E-FILED ON 12/11/06\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PEKIN and AMANDA HERNANDEZ,<br><br>     Plaintiffs,<br>  v.<br><br>COUNTY OF SAN BENITO and DOES 1 through 10, inclusive,<br><br>     Defendants.<br>_____ / | No. C05-05402 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>**[Re: Docket No. 51]** |

On December 5, 2006, this court heard plaintiffs' "Motion to Amend Complaint," in which they seek to add Patrick Pekin as a plaintiff and four former and current members of the San Benito County Board of Supervisors as defendants. Defendant County of San Benito ("County") opposed the motion. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, plaintiffs' motion to amend is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

On December 29, 2005, plaintiffs Michael Pekin and Amanda Hernandez filed the instant civil rights action under 42 U.S.C. § 1983, seeking money damages and claiming that the County retaliated against them for exercising their claimed First Amendment right to "represent their clients." This court granted in part and denied in part the County's Fed. R. Civ. P.

1 12(b)(6) motion to dismiss the complaint. Applying liberal federal pleading standards, the court
2 found that the complaint sufficiently alleged municipal liability under section 1983.
3 Nevertheless, it dismissed the complaint with leave to amend because it agreed that plaintiffs do
4 not have a personal right under the First Amendment to simply "represent their clients."

5 In their First Amended Complaint ("FAC"), plaintiffs asserted claims for retaliation for
6 the exercise of their First Amendment rights and for conspiracy to deprive them of their
7 constitutional rights under the First, Fourth and Fourteenth Amendments. (A third claim for
8 malicious prosecution was voluntarily withdrawn). In essence, plaintiffs alleged that they were
9 being punished for their activities as members or supporters of Los Valientes, a citizens' group
10 allegedly formed by Pekin to fight purported corruption within the County government.

11 This court granted in part and denied in part the County's motion to dismiss plaintiffs'
12 FAC. Plaintiffs' First Amendment claim survived dismissal insofar as plaintiffs claimed a
13 violation of their rights to freedom of expression and association. Plaintiffs' conspiracy claim
14 also survived to the extent that it was based upon the alleged deprivation of those First
15 Amendment rights. Nevertheless, this court dismissed plaintiffs' First Amendment claim for
16 violation of their rights to access or petition. It also dismissed plaintiffs' conspiracy claim to
17 the extent that it was based upon an alleged violation of their rights under the Fourth and
18 Fourteenth Amendments.

19 Plaintiffs now move for leave to file a second amended complaint which asserts a sole
20 claim for retaliation under the First Amendment and adds (1) Patrick Pekin (plaintiff Michael
21 Pekin's son) as a plaintiff and (2) current County Supervisor Pat Loe and former County
22 Supervisors Richard Scagliotti, Ruth Kessler[1] and Robert Cruz as defendants. Plaintiffs seek to
23 add these individuals to the instant action based upon their purported role in the District
24 Attorney's ongoing (and allegedly retaliatory) civil lawsuit against plaintiffs and Los Valientes.
25 Insofar as the County advises that it has no objection, plaintiffs' motion to add Patrick Pekin as
26 a plaintiff is granted.

27
28 [1] The plaintiffs' proposed amended pleading refers to this defendant variously as "Kesler" and "Kessler." The court has adopted the latter spelling, which is also used by the County.

2

However, the County opposes plaintiffs' motion to file an amended complaint adding Loe, Scagliotti, Kessler and Cruz as defendants. It asserts that the allegations of plaintiffs' proposed pleading are inconsistent in that plaintiffs apparently seek to sue these individuals in their official capacities, but allege conduct which occurred after several individuals were no longer in office. It also notes, in passing, that the proposed amended complaint asserts that plaintiffs were litigants (and not just attorneys) in certain underlying state court actions – a proposition which previously was rejected by this court on a prior motion to dismiss. In any event, the County contends that any amendment adding these proposed defendants will be futile because they are entitled to absolute witness immunity for testimony they provided in the District Attorney's civil lawsuit against plaintiffs. Additionally, the County asserts that plaintiffs have not explained why these individuals are necessary and further argues that plaintiffs unduly delayed in seeking the requested amendment.

## II. DISCUSSION

The Federal Rules of Civil Procedure govern motions for leave to amend and provide that "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint . . ..'" DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (quoting Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980)).

In this case, an amendment adding Loe, Scagliotti, Kessler and Cruz is not warranted. As noted above, the instant action was filed nearly one year ago in December 2005. Plaintiffs have already been given leave to amend their complaint once; and, they have offered no cogent explanation why they waited until now to pursue the requested amendment. They seek to add these four individuals on the apparent theory that they were co-retaliators with the County.

3

1  Nothing in the record presented, however, indicates that the proposed Second Amended
2  Complaint ("Proposed SAC') relies upon facts which were previously unavailable or unknown
3  to plaintiffs. Here, the Proposed SAC alleges that Loe, Scagliotti, Kessler and Cruz were
4  identified as aggrieved persons in the District Attorney's civil complaint filed against plaintiffs
5  on December 17, 2004 and that they filed declarations in that lawsuit between December 2005
6  and March 2006. (See SAC at ¶ 27). Although plaintiffs' counsel avers that he only recently
7  learned of these "new" facts, he acknowledged at the oral argument that plaintiffs were well
8  aware of them long before now.

9  Moreover, plaintiffs apparently do not contend that the would-be defendants are
10 necessary to this lawsuit in order to obtain complete relief. Instead, it appears that the instant
11 motion was precipitated by the fact that this court recently granted the County's motion for a
12 continuance of the case management deadlines, including trial – an extension which, it bears
13 noting, was vehemently opposed by plaintiffs. Indeed, at oral argument, plaintiffs' counsel
14 indicated that plaintiffs seek to add these four individuals now simply because the additional
15 block of time opened up in these proceedings and their "cost-benefit" analysis concluded that
16 the four would-be defendants should be added since the parties would be litigating the matter
17 for a longer period of time anyway. To the contrary, the court finds that adding four new
18 defendants now will unnecessarily increase the complexity of this proceeding, will possibly
19 provoke new and lengthy pleading battles, and increase the parties' expenses.

20 Plaintiffs nevertheless maintain that an amendment is warranted because the would-be
21 defendants' alleged participation in the District Attorney's civil lawsuit is evidence of the
22 claimed retaliation against them. Here, they acknowledge that the "evidence" cited in the
23 Proposed SAC consists of the testimony that each of these individuals apparently provided in
24 connection with that underlying action. Yet, plaintiffs do not dispute that these individuals also
25 enjoy immunity from any liability for testimony they provided in the District Attorney's civil
26 suit. Indeed, a witness is absolutely immune from liability for his testimony in earlier state or
27 federal court proceedings. See Briscoe v. LaHue, 460 U.S. 325, 329-46 (1983) (immunity
28 accorded to a police officer who testified as a witness at trial); Burns v. County of King, 883

4

1 F.2d 819 (9th Cir. 1989) (immunity applied to a social worker who prepared an affidavit for use
2 at a bail revocation proceeding); Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987)
3 (immunity applied to a police officer who testified as a witness at probable cause hearing), cert.
4 denied, 485 U.S. 979 (1988). This court remains unpersuaded that the requested amendment is
5 warranted.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiffs' motion for leave to file a second amended complaint is GRANTED IN PART AND DENIED IN PART. The motion to add Patrick Pekin as a plaintiff is GRANTED. The motion to add Pat Loe, Richard Scagliotti, Ruth Kessler and Robert Cruz as defendants is DENIED. Plaintiffs shall file their amended pleading forthwith in accordance with this order.

Dated:   December 11, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1   **5:05-cv-5402 Notice will be electronically mailed to:**

2   William L Marder bill@polarislawgroup.com

3   Michael C. Serverian mserverian@rllss.com,

4   **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.